UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
C.A. No. 5:13-CV-447-FL

| | |
|---|---|
| MAURICIO AGUILAR-GAMAS and ANGEL MARTINEZ, | ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) ) |
| SCOTT FARMS, INC., ALICE H. SCOTT, LINWOOD H. SCOTT, JR., DEWEY SCOTT, and LINWOOD H. SCOTT, III, | ) ) ) ) |
| Defendants. | ) |

**CONSENT PROTECTIVE ORDER**

This case is before this Court for entry of a protective order pursuant to Rule 26(c) of the Federal Rules of Civil Procedure and Local Civil Rule 79.2. This action arises out of Plaintiffs' employment by defendant Scott Farms, Inc. and allegations related to payment of wages to the Plaintiffs. Plaintiffs have asserted claims pursuant to the Fair Labor Standards Act ("FLSA"), North Carolina Wage and Hour Act ("NCWHA"), and Migrant and Seasonal Agricultural Workers Protection Act ("AWPA") and seek to have these claims certified as collective and/or class actions. Defendants deny the material allegations made by the Plaintiffs in this action and deny that Plaintiffs' claims should be certified as collective or class actions.

Because of the nature of the factual issues involved in this case, the parties anticipate that the discovery in this case may include production and disclosures by the parties and by third parties of information that may be confidential or proprietary, including, without limitation, financial information, personnel information, trade secrets, and employment records. Accordingly, this Court believes that entry of this Consent Protective Order is in the interest of all parties and in the interest of the fair and efficient administration of justice. Therefore, until

further order of this Court, it hereby is ordered that the parties shall follow the procedures set forth below with respect to information, documents, testimony, or tangible things produced or otherwise disclosed in this litigation:

    1.    With the exception of the categories of document(s) and electronically stored information described in ¶3 below, the following definitions shall apply in this Consent Protective Order:

        a.    "CONFIDENTIAL Information" shall mean any information, documents, testimony, or tangible things ("Information") furnished in the course of this litigation regarded by a party as confidential and/or private information, including proprietary data, trade secrets, other valuable or commercially sensitive information, confidential and private information concerning parties, witnesses, and persons not party to this action, and/or commercially sensitive or otherwise confidential information designated as "CONFIDENTIAL" pursuant to the procedures set forth below. The term "documents" shall be broadly construed to include information that is recorded in any form, including but not limited to hard copy, electronically stored information, and audio and video recordings. "Documents" shall not, however, include attorney work product.

        b.    "ATTORNEYS' EYES ONLY Information" shall mean CONFIDENTIAL Information that a party, in good faith, believes is so sensitive that it should not be made available to other parties or their employees and is designated "ATTORNEYS' EYES ONLY" pursuant to the procedures set forth below. CONFIDENTIAL Information that is designated ATTORNEYS' EYES ONLY Information shall also be deemed designated CONFIDENTIAL. The plaintiffs agree that the following specific items of Information are ATTORNEY EYES ONLY for purposes of this Consent Protective Order:

a. Tax returns and supporting documents of any Defendant;

b. Contracts and related documents between Scott Farms and entities or individuals as to which/whom Scott Farms provides any services relating to planting, growing, harvesting, processing, or packing of potatoes;

c. Scott Farms' daily packout sheets;

d. Scott Farms' harvest cost sheets; and

e. Scott Farms' hauling tickets.

2. Other than as stipulated to in ¶1 above, "CONFIDENTIAL" and/or "ATTORNEYS' EYES ONLY" designations shall be made as follows:

a. Information shall be designated CONFIDENTIAL and/or ATTORNEYS' EYES ONLY within the meaning of this Protective Order in the following ways:

i. In the case of documents or tangible things, including the information contained therein, that are produced by any party, designation shall be made by placing on each page of the document or each tangible thing the legend or stamp CONFIDENTIAL and/or ATTORNEYS' EYES ONLY.

ii. In the case of responses to interrogatories and requests for admission, including the information contained therein, designation shall be made by placing on the pages containing the CONFIDENTIAL Information the legend CONFIDENTIAL and/or ATTORNEYS' EYES ONLY.

iii. In the case of deposition testimony, counsel may designate, on the record, those portions of a deposition that counsel believes contain CONFIDENTIAL Information or ATTORNEYS' EYES ONLY Information. If designation of CONFIDENTIAL Information is made, those portions of said depositions involving such CONFIDENTIAL

Information will be taken with no one present except those persons who are authorized to have access to such CONFIDENTIAL Information in accordance with this Protective Order. If designation of ATTORNEYS' EYES ONLY Information is made, those portions of said depositions involving such ATTORNEYS' EYES ONLY Information will be taken with no one present except those persons who are authorized to have access to such ATTORNEYS' EYES ONLY Information. A witness, whose deposition is being taken, may see any document identified as CONFIDENTIAL or ATTORNEYS' EYES ONLY if the witness is within the category of persons entitled to see this type of information, pursuant to the provisions described below in subsections 3(a) and (b). Any party shall have thirty days after the receipt of the deposition transcript to inform the other parties to the action of the portions of the transcript (by specific page and line reference) to be designated as CONFIDENTIAL or ATTORNEYS' EYES ONLY. Unless otherwise agreed by counsel, the right to make such designation shall be waived unless made within the thirty-day period. Prior to such designation or the expiration of the thirty-day period, the entire deposition transcript shall be deemed CONFIDENTIAL Information.

      b.    The parties agree to designate Information as CONFIDENTIAL or ATTORNEYS' EYES ONLY on a good-faith basis and not for purposes of harassing the other parties or for purposes of unnecessarily restricting the other parties' access to information concerning the lawsuit.

      c.    Except as permitted by further order of the court, or by subsequent written agreement of the parties, such designated Information shall be received by counsel of record upon the terms and conditions of this Protective Order.

    3.    a. The restrictions set forth in this Order shall not apply to:

        1)    Information that was, is or becomes public knowledge through its authorized release by a person or entity who rightfully obtained

and possesses such information during the normal course of business, and not in violation of this Order;

2) Information obtained by any party from a third party via subpoena, deposition, or other formal or informal discovery.

3) Scott Farms, Inc. or its agents, with respect to its own information or information received or created during the normal course of its own business.

4) The electronically stored information (ESI) that the defendants have disclosed in the form of printed individual "Wage Statements" to their employees.

5) The CD with ESI and the list of employees in Exhibit 2 attached to Scott Farms, Inc.'s Second Supplemental Answers to Plaintiff's First Set of Interrogatories (hereinafter referred to as "SFI's Second").

6) The CD with ESI and the list of employees in Exhibit 5 attached to SFI's Second.

7) All field tally sheets of the type(s) attached marked as Exhibits 6-7 to SFI's First Supplemental Answers to Plaintiff's First Request for Production (hereinafter referred to as "SFI's First").

8) Any CD with ESI containing the integrated payroll records of Scott Farms, Inc. with information of the type contained in the "Wage Statements" described in ¶3.a.4. of this Order for any employees of Scott Farms, Inc. who were paid based upon the number of hours they worked or the number of units of production they produced.

If CONFIDENTIAL OR ATTORNEYS' EYES ONLY information becomes a matter of public record in any other manner, the owner of that information shall be able to seek protection of that information in accordance with paragraphs 7 and 8 of this Order even if it did not produce that information in discovery.

      b. <u>ATTORNEYS' EYES ONLY Information</u>:

      1) Disclosure of Information designated as ATTORNEYS' EYES ONLY, including summaries thereof, shall be limited to the Court; court reporters and

videographers of sworn proceedings; the parties' counsel of record and the employees of such counsel who are assisting with this matter; Defendant Scott Farms' officers, directors, and managers; consultants or experts retained by the parties to consult or testify in the case, but only to the extent Information is necessary for the consultation work or to prepare to testify and only after the requirements of subsection 3(b)(ii), below, are satisfied; and to the following persons, who shall be required first to execute a written declaration, in the form attached hereto as Exhibit A: services retained by counsel to photocopy or image documents or to prepare charts, summaries, timelines, illustrations or other demonstrative materials to be used in the litigation. The originals of all signed declarations shall be maintained by the party who procures the signature throughout the duration of this litigation, including all appeals.

    2)  Before disclosing Information designated as ATTORNEYS' EYES ONLY to any expert or consultant pursuant to subsection 3(b)(i) above, the following procedures shall be employed:

    (a)  Counsel shall: (i) notify, in writing by either e-mail and overnight delivery or fax, counsel for the party designating the Information ATTORNEYS' EYES ONLY of their desire to disclose such ATTORNEYS' EYES ONLY Information; (ii) obtain a written declaration, in the form attached hereto as Exhibit B, from each such expert or consultant; and (iii) provide to counsel for the designating party a copy of that declaration.

    (b)  If no objection to such disclosure is made by the designating party within five business days of receipt of such notification and declaration, counsel shall be free to make such disclosure to the designated expert or consultant, who shall be bound by the signed declaration.

(c) If the designating party objects to such disclosure, counsel for the party or parties opposing the disclosure shall bring before the Court by motion for protective order under Rule 26(c), Fed.R.Civ.P., the question of whether the particular ATTORNEYS' EYES ONLY Information can be disclosed to the required expert or consultant within ten (10) calendar days of the date of the party's objection(s) to such disclosure; In the event that the party or parties opposing disclosure fails to meet this time deadline, the presumptive prohibition against disclosure shall terminate automatically without prejudice to the designating party's right to move for relief under Rule 26(c), Fed.R.Civ.P., with respect to that same Information; however, absent the application of this time-related waiver, until and unless the Court orders that the ATTORNEYS' EYES ONLY Information may be disclosed to the requested expert or consultant, the Information shall not be so disclosed.

3) All Information that is designated CONFIDENTIAL or ATTORNEYS' EYES ONLY under this Protective Order shall be kept confidential and shall not be given, shown, made available, discussed or otherwise communicated in any manner ("disclosed"), either directly or indirectly, to any person not authorized to receive the Information under the terms of this Protective Order. CONFIDENTIAL Information and ATTORNEYS' EYES ONLY Information received by any authorized person shall be used only for purposes of this litigation and for no other purpose, including but not limited to labor organizing.

4) In no case shall Information designated CONFIDENTIAL or ATTORNEYS' EYES ONLY be disclosed to any person or entity who competes directly or indirectly with Defendant or any labor organization, including its representatives and agents, that represents or is engaged in organizing Defendant's employees. The Defendant parties to this Consent Protective Order expressly recognize, understand, and agree that Information that may

be disclosed pursuant to the terms of this Consent Protective Order to the Law Office of Robert J. Willis, P.A. by and through its owner and sole co-counsel for the named plaintiffs in this action, Robert J. Willis, is and shall be disclosed to him solely in his capacity as co-counsel for the named plaintiffs and any persons they may be certified to represent in this action, and not in his previous, present, and future capacity as NC General Counsel for the Farm Labor Organizing Committee ("FLOC"), AFL-CIO. Likewise, Robert J. Willis recognizes, understands, and agrees that any such Information disclosed to him shall not be used by him for any purpose other than the prosecution of the claims of the named plaintiffs and any persons they may be certified to represent in this action, nor will he knowingly permit the use of any such Information for any other purpose or by any other person or entity.

4. If, through inadvertence, a party produces any Confidential Information without designating it as CONFIDENTIAL or ATTORNEYS' EYES ONLY, the party may, as soon as reasonably practical, inform the other parties of the intended CONFIDENTIAL or ATTORNEYS' EYES ONLY designation, and all parties shall treat such Information as CONFIDENTIAL Information or ATTORNEYS' EYES ONLY Information under this Protective Order. To the extent that any party already has disclosed this Information, that party promptly shall notify the designating party as to the specific recipients of such Information and shall take all reasonable steps to remove such Information from said recipients unless they otherwise are entitled to disclosure under this Order.

5. If any Information designated CONFIDENTIAL or ATTORNEYS' EYES ONLY is disclosed to any person other than in the manner authorized by this Order, the person responsible for the disclosure must immediately bring all pertinent facts relating to such disclosure to the attention of counsel for the designating party and, without prejudice to any other

rights and remedies of the parties, make every effort to prevent further disclosure by it or by the person who was the recipient of such Information.

6. No person or party shall directly or indirectly utilize or disclose any CONFIDENTIAL Information or ATTORNEYS' EYES ONLY Information for any purpose other than the prosecution or defense of this action, including any appeals and retrials thereof, and such utilization or disclosure must be in compliance with this Order.

7. Before filing with the Court any document (including, but not limited to, pleadings, briefs, memoranda, depositions, and exhibits) containing or consisting of Information that has been designated CONFIDENTIAL or ATTORNEYS' EYES ONLY, counsel shall confer with counsel for the party that produced the information so designated about how it should be filed. If the party that produced the information so designated desires that the information be filed under seal, then the filing party shall give the producing party at least twenty-four (24) hours written notice of the intent of that party to file that material or information with the Court so that the producing party may file the materials and information in accordance with the Local Civil Rules, EDNC, and Section T of the Court's Electronic Case Filing Administrative Policies and Procedures Manual. The filing of the materials under seal shall not be binding on the Court, however. Within 10 days of the service of such notice, the party desiring that the materials be maintained under seal shall file with the Court a Motion to Seal and supporting memorandum of law specifying the interests which would be served by restricting public access to the information. The Court will grant the Motion to Seal only after providing adequate notice to the public and opportunity for interested parties to object, after carefully weighing the interests advanced by the movant and those interests favoring public access to judicial documents and records, and upon finding that the interests advanced by the

movant override any common law or constitutional right of public access which may attach to the information. Documents submitted under seal in accordance with this paragraph will remain under seal pending the Court's ruling. If the party desiring that the information be maintained under seal does not timely file a Motion to Seal, then the materials will be deemed unsealed, without need for order of the Court.

8. Each time a party seeks to file under seal confidential documents, things, and/or information, said party shall accompany the request with a motion to seal and a supporting memorandum of law specifying: (a) the exact documents, things, and/or information, or portions thereof, for which filing under seal is requested; (b) where it is necessary for the court to determine the source of the public's right to access before a request to seal may be evaluated, whether any such request to seal seeks to overcome the common law or the First Amendment presumption to access; (c) the specific qualities of the material at issue which justify sealing such material, taking into account the balance of competing interests in access; (d) the reasons why alternatives to sealing are inadequate; and (e) whether there is consent to the motion. Finally, in addition to the motion and supporting memorandum, said party must set out such findings in a proposed order to seal for the court.

9. The parties and their attorneys shall inform all witnesses, consultants, employees, agents, court reporters, and anyone else who has or had access to any material designated CONFIDENTIAL Information or ATTORNEYS' EYES ONLY Information of the substance of this Order.

10. Acceptance or receipt by any party of any Information designated as CONFIDENTIAL or ATTORNEYS' EYES ONLY, or with no designation, shall not constitute a concession that the Information is properly so designated or not designated. If any party

disagrees with the designation of any such Information as CONFIDENTIAL or ATTORNEYS' EYES ONLY, then the party first shall try to resolve such dispute on an informal basis through consultation with counsel. If agreement cannot be reached by counsel, then the party desiring the designation to continue may present such dispute to the Court by motion under Rule 26(c), Fed.R.Civ.P., within ten (10) calendar days of the date of any party's disagreement with any such designation. In the event that the party or parties desiring to continue such desisgnation fails to meet this time deadline, the presumptive prohibition against disclosure shall terminate automatically without prejudice to the designating party's right to move for relief under Rule 26(c), Fed.R.Civ.P., with respect to that same Information. In the event the party or parties desiring to continue such desisgnation meets this time deadline, all such designations shall be respected pursuant to the terms of this Order until the Court rules on the motion. In the resolution of such matter, the burden of establishing confidentiality shall be on the party who made the designation of confidentiality. Notwithstanding the designation or non-designation of any Information as CONFIDENTIAL or ATTORNEYS' EYES ONLY, the parties reserve their right to seek relief regarding material that they believe was illegally obtained, including, but not limited to, the return of the material and/or damages for misappropriation or unauthorized use.

11.  This Order shall be without prejudice to the right of any party to oppose production of any Information on grounds other than confidentiality.

12.  This Order shall not prevent any party from applying to the Court for relief from it, from applying to the Court for further or additional protective orders, or from agreeing with the other parties to modify or vacate this Order, subject to the approval of the Court.

13.  Within thirty days of the conclusion of this action, including any appeals, all Information designated as CONFIDENTIAL or ATTORNEYS' EYES ONLY by a party

pursuant to this Order, and all copies thereof, shall be destroyed by all other parties, except that counsel for each party is entitled to keep copies of pleadings and correspondence and any attachments or exhibits thereto, including CONFIDENTIAL Information and/or ATTORNEYS' EYES ONLY Information, used in this litigation in a secure storage area subject to the terms of this Consent Order. Within twenty-four hours of destruction, a party shall confirm such destruction in writing to the designating party. The provisions of this Order insofar as they restrict the disclosure, communication of, and use of CONFIDENTIAL Information and ATTORNEYS' EYES ONLY Information produced hereunder shall continue to be binding after the conclusion of this action.

14. Nothing in this Order shall prevent or limit a party who has designated any Information as CONFIDENTIAL or ATTORNEYS EYES ONLY from, in writing and without Court Order, releasing such Information.

15. Any party to this action may file a motion requesting that the Court sanction or hold in contempt of Court anyone who violates the terms of this Order.

Dated this 9th day of June, 2014.

*(signature)*

LOUISE W. FLANAGAN
United States District Judge

**WE CONSENT:**

| | |
|---|---|
| /s/ Robert J. Willis<br>Robert J. Willis<br>N.C. Bar No.10730<br>P.O. Box 1269<br>Raleigh, NC  27602<br>(919) 821-9031<br>(919) 821-1764 (fax)<br>rwillis@rjwillis-law.com<br>*Attorney for Plaintiffs* | /s/ F. Marshall Wall<br>F. Marshall Wall<br>N. C. Bar No. 26804<br>E-mail:  mwall@cshlaw.com<br>Paul H. Derrick<br>N. C. Bar No. 27366<br>E-mail:  pderrick@cshlaw.com<br>Cranfill Sumner & Hartzog LLP<br>Post Office Box 27808<br>Raleigh, North Carolina 27611-7808<br>Telephone:     (919) 828-5100<br>Facsimile:      (919) 828-2277<br>*Attorneys for Defendants* |
| /s/ Carol Brooke<br>Carol Brooke<br>N.C. Bar No. 29126<br>carol@ncjustice.org<br>Clermont Fraser Ripley<br>N.C. Bar No. 36761<br>clermont@ncjustice.org<br>North Carolina Justice Center<br>PO Box 28068<br>Raleigh, NC 27611-8068<br>*Attorneys for Plaintiffs* | /s/ Andrew M. Jackson<br>Andrew M. Jackson<br>N.C. Bar No. 28594<br>E-mail: andy@andrewjacksonlaw.com<br>Andrew Jackson Law<br>407 College St<br>PO Box 27<br>Clinton, NC  28329-0027<br>Telephone:  (910) 592-4121<br>Fax:  (910) 590-1012<br>*Attorney for Defendants* |

# **EXHIBIT A**

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
5:13-CV-447-FL

| | |
|---|---|
| MAURICIO AGUILAR-GAMAS and ANGEL MARTINEZ, <br><br> Plaintiffs, <br><br> v. <br><br> SCOTT FARMS, INC., ALICE H. SCOTT, LINWOOD H. SCOTT, JR., DEWEY SCOTT, and LINWOOD H. SCOTT, III, <br><br> Defendants. | ) ) ) ) ) ) ) **DECLARATION OF** _____ ) ) ) ) ) ) |

1. My name is _____. I have personal knowledge of the facts set forth in this Declaration, and if called and sworn as a witness, I would testify competently to those facts.

2. I live at: _____.

3. I am employed as (state position): _____.

4. The full name and address of my employer is: _____

_____

_____

5. I am aware that a Consent Protective Order ("Protective Order") has been entered in the case of *Mauricio Aguilar-Gamas, et al. v. Scott Farms, Inc., et al.*, in the United States District Court, Eastern District of North Carolina, Western Division ("Court"). A copy of that Protective Order has been given to me. I have carefully reviewed its terms and conditions.

6. I agree that documents, information, testimony, and tangible things ("Information") designated as CONFIDENTIAL and ATTORNEYS' EYES ONLY shall be subject to the terms of the Protective Order and agree to comply with and be bound by the terms of the Protective Order.

7. Without limiting the foregoing, I agree that I will not disclose or discuss any Information designated CONFIDENTIAL or ATTORNEYS' EYES ONLY except as allowed by Protective Order.

8. I agree to use any Information designated CONFIDENTIAL or ATTORNEYS' EYES ONLY solely in connection with participation in this action and for no other purpose.

9. I am aware that contempt sanctions may be entered against me for violation of the Protective Order.

10. I agree to waive any objections to the exercise of personal jurisdiction over me by the Court.

I declare under penalty of perjury under the laws of the United States of America that the foregoing declaration is true and correct.

Executed this \_\_\_\_ day of _____, _____.

_____
Signature

**EXHIBIT B**

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
5:13-CV-447-FL

| | |
|---|---|
| MAURICIO AGUILAR-GAMAS and ANGEL MARTINEZ, )<br>)<br>Plaintiffs, )<br>)<br>v. )<br>)<br>SCOTT FARMS, INC., ALICE H. SCOTT, )<br>LINWOOD H. SCOTT, JR., DEWEY )<br>SCOTT, and LINWOOD H. SCOTT, III, )<br>)<br>Defendants. ) | **DECLARATION OF** _____ |

1. My name is _____. I have personal knowledge of the facts set forth in this Declaration, and if called and sworn as a witness, I would testify competently to those facts.

2. This statement is submitted in support of my request for access to materials under the Consent Protective Order in this action.

3. I have been retained by _____, a party to this action, as a consultant or expert witness. My title is _____, and my employer is _____.

4. My professional relationship with the party for whom I am retained in this proceeding and its personnel is strictly as a consultant on issues relevant to this proceeding. I identify here (by writing "none" or listing names, position, and responsibilities) any member of my immediate family who is an officer or holds a management position with a party in this action or with any other firm that might gain a competitive advantage from access to the material disclosed under the Consent Protective Order:

_____

_____

5. I have attached the following information:

A. a current resume describing my education and employment history to date;

B. a description of the financial interests that I, my spouse, and/or my immediate family has in any entity that is an interested party in this proceeding or whose Confidential Information will be reviewed.

6. I am aware that a Consent Protective Order ("Protective Order") has been entered in the case of *Mauricio Aguilar-Gamas, et al. v. Scott Farms, Inc., et al.*, in the United States District Court, Eastern District of North Carolina, Western Division ("Court"). A copy of that Protective Order has been given to me. I have carefully reviewed its terms and conditions.

7. I agree that documents, information, testimony, and tangible things ("Information") designated as CONFIDENTIAL and ATTORNEYS' EYES ONLY shall be subject to the terms of the Protective Order and agree to comply with and be bound by the terms of the Protective Order.

8. Without limiting the foregoing, I agree that I will not disclose or discuss any Information designated CONFIDENTIAL or ATTORNEYS' EYES ONLY except as allowed by Protective Order.

9. I agree to use any Information designated CONFIDENTIAL or ATTORNEYS' EYES ONLY solely in connection with participation in this action and for no other purpose.

10. I am aware that contempt sanctions may be entered against me for violation of the Protective Order.

11. I agree to waive any objections to the exercise of personal jurisdiction over me by the Court.

I declare under penalty of perjury under the laws of the United States of America that the foregoing declaration is true and correct.

Executed this \_\_\_\_ day of _____, \_\_\_\_\_.

_____
Signature