UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
CASE NO.: 5:13-CV-447-FL

MAURICIO AGUILAR GAMAS and ANGEL )
MARTINEZ on behalf of themselves )
and all other similarly situated )
persons, )
  )
       Plaintiffs, )
  )
v. )
  )
SCOTT FARMS, INC., ALICE H. SCOTT, )
LINWOOD H. SCOTT, JR., LINWOOD H. )
SCOTT III, and DEWEY R. SCOTT, )
  )
       Defendants. )
  )
_____ )

**JOINT MEMORANDUM OF LAW IN SUPPORT OF JOINT MOTION FOR
CLASS AND COLLECTIVE ACTION CERTIFICATION UNDER RULE 23(b)(3)
AND 29 U.S.C. § 216(b)**

**I.    STATEMENT OF THE CASE**

Plaintiffs Mauricio Aguilar Gamas and Angel Martinez filed their Amended Complaint on August 27, 2013, alleging claims for relief under three legal theories. DE 9. The first is a collective action claim for minimum wage and overtime violations under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201 *et seq*. The second is a class action claim pursuant to Rule 23(b)(3), Fed. R. Civ. P., for failure to pay the promised wage under the North Carolina Wage and Hour Act ("NCWHA"), N.C. Gen. Stat. §§ 95-25.1 *et seq*. The final claim is a second class action claim under Rule 23 for violations of the Migrant and Seasonal Agricultural Worker Protection Act ("AWPA"). 29 U.S.C. §§

1

1801, *et seq*. Defendants denied liability for all claims in their Answer.

The Plaintiffs and Defendants have negotiated a settlement agreement in this action which includes relief on a class wide basis for the Plaintiff Aguilar Gamas's claims under the AWPA and relief for a collective action of similarly situated employees for Plaintiffs Aguilar Gamas and Martinez's overtime claims under the FLSA. For settlement purposes only, Defendants consent to and join in this Joint Motion for Class and Collective Action Certification under Rule 23(b)(3) and 29 U.S.C. § 216(b) ("Joint Motion") pursuant to the Settlement Agreement reached between the parties, DE 78-2, which is the result of compromise to resolve the disputes between them and does not constitute an admission of any liability to any party. The parties submit the Joint Motion pursuant to that Settlement Agreement and to effect the terms of the settlement. DE 78.

Accordingly, pursuant to the Settlement Agreement, the parties now seek to certify a Plaintiff Class under the AWPA for statutory damages under 29 U.S.C. § 1854(c)(1) and Rule 23(b)(3), Fed. R. Civ. P., and to certify a collective action under the FSLA for back wages and liquidated damages. 29 U.S.C. §§ 207 and 216(b). The parties respectfully submit this Memorandum of Law in support of their Joint Motion.

## II. RELEVANT FACTS

The essential facts to support this motion are alleged in Paragraphs 21-24, 41-49, 53-62, _64-65, 69, and 79-84 of the Amended Complaint. DE 9. In addition, named Plaintiff Mauricio Aguilar Gamas's sworn declaration, which was previously filed with this Court, describes his individual claims as well as claims of similarly situated members of the putative Rule 23 class and the members of the collective action. *See* Declaration of Mauricio Aguilar Gamas, DE 66-1. Named Plaintiff Angel Martinez's declaration also

2

Case 5:13-cv-00447-FL   Document 81   Filed 12/19/14   Page 2 of 16

describes his claims and those of the similarly situated members of the collective action. *See* Declaration of Angel Martinez, DE 66-2.

Plaintiffs filed a Motion to Conditionally Certify a Fair Labor Standards Act Collective Action and to Authorize Notice to be Issued to the Putative Members of the FLSA Collective Action on August 8, 2014. DE 61. Defendants have not responded to this motion, and the Court has postponed the deadline for a response until 30 days after the date the Court rules on the parties' motion for final settlement approval. DE 75.

The parties entered into a Settlement Agreement, DE 78-2, at the conclusion of twelve hours of negotiation that was mediated by Mark Finkelstein, Esq., on September 15, 2014. The settlement was preceded by substantial discovery, which is detailed on pp. 4-5 of their Memorandum in Support of Joint Motion for Preliminary Approval of Collective Action and Class Action Settlement. DE 79.

The Settlement Agreement calls for the certification of a Rule 23 class and FLSA collective action for settlement purposes. Accordingly, the parties move under Rule 23(b)(3), Fed.R.Civ.P., for certification of a class represented by Plaintiff Aguilar Gamas and defined as follows:

> all migrant or seasonal agricultural workers (as the terms "migrant agricultural worker" and "seasonal agricultural worker" are defined in 29 U.S.C. §§ 1802(8) and 1802(10) and 29 C.F.R. §§ 500.20(p) and 500.20(r)) who performed temporary or seasonal work in agriculture as an employee of Scott Farms and/or the individual Scott defendants between June 20, 2010 and September 15, 2014 and who were paid on a piece rate during any workweek during that time period.

DE 9 at ¶42; DE 79, pp. 5-6.

The parties also jointly move the Court for certification of an opt-in class under 29 U.S.C. § 216(b) for Plaintiff Aguilar Gamas and Martinez's claims under 29 U.S.C. § 207 ("FLSA Collective Action"), defined as follows:

> Any person who was employed by Scott Farms, Inc. and/or the individual Scott defendants in Scott Farms, Inc.'s packing house in or around Wilson County, North Carolina in any workweek ending in the time period from June 20, 2010 through September 15, 2014 who worked in excess of 40 hours in any workweek when, during that same workweek, that same person also processed or packed any sweet potatoes that were not grown and produced in connection with the farming operations of Scott Farms, Inc.

DE 9 at ¶¶ 21-22; DE 61 at ¶2; DE 79, p. 6.

The terms of the settlement between the defendants and the named plaintiffs are pending this Court's approval pursuant to Rule 23(e), Fed.R.Civ.P., after a Court-approved notice and an opportunity to comment or withdraw by the putative class and FLSA collective action members has been distributed.

This Memorandum is filed by the parties in support of the Joint Motion for Class and Collective Action Certification pursuant to the terms of the proposed settlement between the parties.

## ARGUMENT

### III. CLASS CERTIFICATION OF THE AWPA CLAIMS IS APPROPRIATE

When a settlement is reached prior to Rule 23 certification, the law permits a class to be certified solely for the purposes of settlement. *Covarrubias v. Capt. Charlie's Seafood, Inc.*, 2011 WL 2690531 (E.D.N.C., July 06, 2011), at *2. There is a strong judicial policy in favor of settlement. *See Bennett v. Behring Corp.*, 737 F. 2d 982, 986 (11th Cir. 1984). The parties seeking class certification must still meet the four prerequisites of Federal Rules of Civil Procedure 23(a)(1) through (4) and then must establish that they constitute a proper

4

Case 5:13-cv-00447-FL   Document 81   Filed 12/19/14   Page 4 of 16

class of at least one of the types delineated in Rules 23(b)(1) through (3). However, in those cases, courts do not need to inquire whether the class will be manageable at trial because the settlement makes a trial unnecessary. *Anchem Products v. Windsor*, 521 U.S. 591, 620 (1997).

As detailed below, Plaintiffs' Amended Complaint and the information submitted in support of the Joint Motion are sufficient to satisfy the requirements of Rule 23(a) and establish that the Class Plaintiffs seek to represent also qualify under Rule 23(b)(3).

A. **Named Plaintiff Aguilar Gamas is a Member of and has Precisely Defined the Plaintiff Class He Seeks to Represent.**

The court must make two initial determinations before determining whether to certify a class action: that a precisely defined class exists, *Haywood v. Barnes*, 109 F.R.D. 568, 576 (E.D.N.C. 1986), and that the class representative is a member of the proposed class. *East Texas Motor Freight System, Inc. v. Rodriguez*, 431 U.S. 395, 403 (1977). The AWPA Class is defined as

> all migrant or seasonal agricultural workers (as the terms "migrant agricultural worker" and "seasonal agricultural worker" are defined in 29 U.S.C. §§ 1802(8) and 1802(10) and 29 C.F.R. §§ 500.20(p) and 500.20(r)) who performed temporary or seasonal work in agriculture as an employee of Scott Farms and/or the individual Scott defendants between June 20, 2010 and September 15, 2014 and who were paid on a piece rate during any workweek during that time period

and is therefore sufficiently precise. *Haywood*, 109 F.R.D. at 576. Plaintiff Aguilar Gamas worked for Defendants as a piece rate migrant and/or seasonal agricultural worker during the relevant time period. Therefore, he is clearly a member of the AWPA Class which he seeks to represent.

5

### B. The Numerosity, Commonality, Typicality and Adequacy Requirements of Rule 23(a) are Satisfied with regard to the Class.

A class action under Rule 23, Fed.R.Civ.P., "may only be certified if the trial court is satisfied, after a rigorous analysis, that the prerequisites of Rule 23(a) have been satisfied." *General Telephone Co. of Southwest v. Falcon*, 457 U.S. 147, 161 (1982) ("*Falcon*"). Thus, "*Falcon* requires the trial court to engage in an extensive factual analysis at the certification stage in order to satisfy itself that the requirements of Rule 23 have been met." *Haywood*, 109 F.R.D. at 575. However, the trial court does not examine the merits of the underlying claims when it decides a motion for class certification. *Eisen v. Carlisle & Jacquelin*, 417 U.S. 156, 177-78 (1974); *see also Covarrubias.*, 2011 W 2690531, *3.

Courts should "give Rule 23 a liberal rather than a restrictive construction, adopting a standard of flexibility in application which will in the particular case best serve the ends of justice for the affected parties and . . . promote judicial efficiency." *Gunnells v. Health Plan Services, Inc.*, 348 F.3d 417, 424 (4th Cir. 2003) (citing *In re A.H. Robins,* 880 F.2d 709, 740) (4th Cir. 1989), *cert. den., Anderson v. Aetna Cas. and Sur. Co.*, 493 U.S. 959 (1989)), *cert. den., Healthplan Services, Inc. v. Gunnells*, 542 U.S. 915 (2004); *see also Kidwell v. Transportation Communications International Union*, 946 F.2d 283, 305 (4th Cir. 1991), *cert. den.*, 503 U.S. 1005 (1992) ("[t]rend is to give Rule 23 a liberal construction."); *Rodger v. Electronic Data Systems Corp*, 160 F.R.D. 532, 535 (E.D.N.C. 1995).

**1. The AWPA Class is sufficiently numerous and joinder is impracticable.**

The numerosity requirement of Rule 23(a)(1), Fed.R.Civ.P., mandates that the class be "so numerous that joinder of all members is impracticable." There is no set number of members necessary for class certification and the decision to certify or not certify a class

6

must be based upon the particular facts of each case. *See Haywood*, 109 F.R.D. at 576-77 (courts have "certified classes composed of as few as eighteen… and twenty-five members") (citations omitted).

The proposed settlement class includes more than 800 people who worked for Defendants on a piece rate basis. Although there are a sufficient number of putative class members to establish numerosity, this Court's analysis should not be limited to numbers alone. *See Rodger*, 160 F.R.D. at 536-537. Here, the presumption of numerosity should also stand because joinder of all members of the class is all but impossible. Where, as in this case, class members are geographically dispersed, lack sophistication, and are non-English speaking migrant workers, courts have found that such additional factors make joinder impracticable. *See Gaxiola v. Williams Seafood of Arapahoe, Inc.,* 776 F.Supp.2d 117, 130 (EDNC 2011); *Covarrubias*, 2011 WL 2690531 at 4; *Rodriguez v. Berrybrook Farms, Inc.,* 672 F. Supp. 1009, 1013-1014 (W.D. Mich. 1987)*; Leyva v. Buley,* 125 F.R.D. 512, 515 (E.D.Wash. 1989).

Furthermore, Plaintiffs contend that the named Plaintiffs and members of the AWPA Class are "economically disadvantaged, making individual suits difficult to pursue." *Robidoux v. Celani*, 987 F.2d 931, 936 (2d Cir. 1993). Because the number of class members is sufficient and the circumstances do not make joinder a practical alternative, the class meets the Rule 23(a)(1) standard for numerosity.

**2. There are common questions of law and fact.**

Under the "commonality" requirements of Rule 23(a)(2), Fed.R.Civ.P., at least one common question of law or fact must exist among class members. *See Haywood*, 109 F.R.D. at 577-78. It is not necessary, however, that all of the questions of law or fact in a case be common to all putative class members, but only that "a single common question . . .

7

exist." *Rodger*, 160 F.R.D. at 537.. "Indeed, a single common question is sufficient to satisfy the rule." *Haywood*, 109 F.R.D. at 577. In *Hernandez Garcia*, the named Plaintiffs were crab workers who had claims related to payment for housing and knives that were not shared by dock workers. However, the Court found there were common issues of law and fact between the Plaintiffs and the dock workers related to payment of visa and transportation costs such that commonality existed. *See Hernandez Garcia Order* at 5; *see also*, *Haywood*, 109 F.R.D. at 577 (holding that "class certification will not be defeated solely because there are some factual variations among the members' grievances").

Here, named Plaintiff Aguilar Gamas and the other putative class members were all paid on a piece rate basis and share common questions of law or fact: (a) for each agricultural season between June 20, 2010 and September 15, 2014, did Scott Farms and/or the individual Scott defendants employ plaintiff Aguilar and the members of the putative class as migrant or seasonal agricultural workers under the AWPA? (b) for each agricultural season between June 20, 2010 and September 15, 2014, did Scott Farms and/or the individual Scott defendants violate the recordkeeping and wage statement provisions of 29 U.S.C. §§ 1821(d)(1)(B)-(D), 1821(d)(2), 1831(d)(1)(B)-(D), 1831(d)(2) of the Migrant and Seasonal Agricultural Worker Protection Act ("AWPA") by failing to disclose, make, and preserve wage statements and records which accurately disclosed and recorded the number of piecework units earned, the hours worked, and the total pay period earnings for the named plaintiff Aguilar and the members of the putative class? *See* Amended Complaint, ¶ 44. Therefore, the commonality requirement is satisfied.

### 3. The named Plaintiffs' claims are typical of those of the Class.

Rule 23(a)(3) requires that the claims or defenses of the representative parties are

8

typical of the claims or defense of the class. *Haywood*, 109 F.R.D. at 578. "The claim of a party is typical if it arises from the same event or course of conduct which gives rise to the claims of other class members and is based on the same legal theory." *Id*. "[T]he requirements of commonality and typicality tend to merge" in that "[b]oth serve as guideposts for determining whether under particular circumstances maintenance of a class action is economical and whether the named plaintiff's claims and the class claims are so interrelated that the interests of the class members will be fairly and adequately protected in their absence." *Falcon*, 457 U.S. at 157 n.13. The typicality requirement does not require that all of the putative class members share identical claims. *Rodger*, 160 F.R.D. at 538 ("A court may determine that the typicality requirement is satisfied even when the plaintiffs' claims and the claims of the class members are not identical"). The prerequisite is only that Plaintiffs' claims be common, and "class representatives must not have an interest that is antagonistic to that of the class members." *Id*.

The facts alleged in Plaintiffs' Amended Complaint and named Plaintiff Aguilar Gamas's declaration meet the requirements of Rule 23(a)(3) with respect to the AWPA Class. Plaintiff Aguilar Gamas's claims and the claims of the AWPA Class members arise from the same practices and course of conduct by Defendants. Plaintiff Aguilar Gamas and the members of the proposed AWPA Class were all employees of Defendants and they were all paid on a piece rate basis during at least part of their employment. Defendant Scott Farms admits that on some occasions between June 20, 2010 and January 1, 2012 they provided start and stop times for piece rate work that were estimated "and so may have been inaccurate." *See* Responses to Plaintiffs' Third Requests for Admission, ¶¶ 20-21 (DE 79-5). Defendant Scott Farms also admits that on some occasions between June 20, 2010 and

9

January 1, 2012 "it did not make, keep, and/or preserve accurate records of the start and stop times for work done by Plaintiff Mauricio Aguilar-Gamas [sic] and more than 50 other field workers who were performing piece rate work as employees of Scott Farms, Inc." *See id*. at ¶¶23-24.

The claims of the named Plaintiffs and proposed AWPA Class members are based on the same legal theory. Defendants were required under the AWPA to make, keep, and preserve accurate records of the number of piecework units earned and the number of hours worked. 29 U.S.C. §§ 1821(d)(1)(B)-(C), 1831(d)(1)(B)-(C). Defendants were also required to provide to each worker for each pay period, an itemized written statement which included the number of piecework units earned and number of hours worked. 29 U.S.C. §§ 1821(d)(2), 1831(d)(2). Defendant Scott Farms has admitted that it failed to do this. Therefore, Plaintiff Aguilar Gamas has established that the claims under the AWPA are "typical" of the claims of the Plaintiff Class he seeks to represent.

### 4. Named Plaintiff Aguilar Gamas is an adequate representative of the Class.

Rule 23(a)(4) requires that "the representative parties will fairly and adequately protect the interests of the class." This is a two-part inquiry to determine: (1) whether the class representatives' claims are sufficiently interrelated to and not antagonistic with the class' claims and (2) that legal counsel is qualified, experienced and generally able to conduct the litigation. *Rodger*, 160 F.R.D. at 539; s*ee also Haywood*, 109 F.R.D. at 578. Plaintiff Aguilar Gamas has met these requirements with respect to the proposed AWPA Class.

Plaintiff Aguilar Gamas meets the first requirement by demonstrating his consistent involvement in the litigation. *Id.* at 578-79. Here, as in *Haywood*, he has a common interest

10

Case 5:13-cv-00447-FL   Document 81   Filed 12/19/14   Page 10 of 16

with class members in the litigation, possesses a personal financial stake in the outcome, consulted regularly with Class Counsel, submitted an affidavit to the court, and participated in a lengthy mediation to resolve these claims. *Id.;* Declaration of Carol L. Brooke in Support of Joint Motion for Preliminary Approval of Collective Action and Class Action Settlement, ("Brooke Decl.") (DE 79-1), ¶¶ 10-11, 13. Plaintiff Aguilar Gamas understood his obligation as class representative in the event that the Court certified this as a class action with respect to AWPA claims. *See* Brooke Decl., ¶¶ 14-15.

In addition, under the arrangement between the Plaintiff and counsel, all expenses incident to class certification can be advanced to the named Plaintiff by counsel for the Plaintiffs, with the named Plaintiff remaining ultimately liable for such costs in the event that the Court rejects either the Settlement Agreement or the Plaintiff's request and motion that the expenses involved in providing notice to the class be paid for by the Defendants. Brooke Decl., ¶ 8; Sworn Declaration of Robert J. Willis ("Willis Decl.") (DE 79-2), ¶¶ 2-3; *see Haywood*, 109 F.R.D. at 580 (approving such a cost advance arrangement).

Lastly, Robert Willis, Carol Brooke, and Clermont Ripley, counsel for the named Plaintiffs, are experienced counsel who have previously been counsel in class action litigation, including class litigation involving identical claims as asserted in the instant case. Brooke Decl., ¶¶ 6; Willis Decl., ¶¶ 8-9. *See also Covarrubias*. 2011 WL 2690531 at *7.

C. **The Class Satisfies the Requirements of Rule 23(b)(3).**

Class certification under Rule 23(b)(3) requires that common issues of law or fact predominate over individual issues and that the class action be the superior method of dealing with the dispute. The factors used to make this determination are: "(A) the interest of members of the class in individually controlling the prosecution or defense of separate

11

actions; (B) the extent and nature of any litigation concerning the controversy already commenced by or against members of the class; (C) the desirability or undesirability of concentrating the litigation of the claims in the particular forum; (D) the difficulties likely to be encountered in the management of a class action." Rule 23(b)(3), Fed. R. Civ. P. *See also Haywood*, 109 F.R.D. at 580-84, and 592-93.

The proposed class satisfies the requirements of (b)(3) for the reasons already stated in Section III A and B of this memorandum of law as to Rule 23(a). *See Rossini v. Ogilvy & Mather, Inc.*, 798 F.2d 590 at 598 (2d Cir. 1986) (holding that satisfaction of Rule 23(a) "goes a long way toward satisfying the Rule 23(b)(3) requirement of commonality"). Based on the allegations in the Complaint, certification of the AWPA Class is appropriate under Rule 23(b)(3). The legal and factual issues described in paragraphs 32 and 48 of the Amended Complaint predominate over any individual issues of law and fact for any Plaintiff class member.

Class treatment of the legal issues identified in this case would also be superior to other procedures for the handling of the claims in question for a number of reasons. No member of the AWPA Class has any necessary interest in individually controlling the prosecution of the claims at issue in this litigation. "Additionally, because of the relatively small amount of the wage claims in this case, no individual class member could have any reasonable financial capability to pursue this litigation on an individual basis." *See Gaxiola* 2011 WL 806792 at 12; *Hernandez Garcia* Order at 6.

In addition, no other litigation concerning this matter and filed by any of the parties involved in the present action is currently pending. Plaintiffs' counsel are not aware of any other litigation pending against Defendants besides this action.

12

Case 5:13-cv-00447-FL   Document 81   Filed 12/19/14   Page 12 of 16

Furthermore, this Court has a substantial interest in the resolution of the issues raised in this litigation occurring in one forum. Because Plaintiff and members of the AWPA Class were all employed by the same corporate employer, Scott Farms, Inc., that maintained payroll records and employee data for all of the field workers furnished to it by its farm labor contractor supervisors for the entire time period covered by the AWPA class, the management of a class action under Rule 23(b)(3) in this matter should not present any difficulties.

IV. **THE PLAINTIFFS HAVE MET THE REQUIREMENTS FOR CERTIFICATION OF A COLLECTIVE ACTION UNDER 29 U.S.C. § 216(b)**

The legal standard for evaluating the "similarly situated" requirement for a FLSA collective action under 29 U.S.C. §216(b) is discussed in *Jimenez-Orozco v. Baker Roofing Co.*, 2007 WL 4568972 (E.D.N.C. Dec. 21, 2007) at*6-7; and *Leyva v. Buley*, 125 F.R.D. at 518. If those standards are applied to this case, there can be no doubt that the named plaintiffs have met them.

The collective action is based upon the claim of both named plaintiffs in ¶¶21-24 of the Amended Complaint that in the time period from June 20, 2010 to the date final judgment is entered in this action they and other similarly situated employees of Scott Farms, Inc. were not paid at the overtime rate required by 29 U.S.C. § 207(a)(1) for the hours they performed or will perform work for Scott Farms, Inc. that totaled in excess of 40 hours in the same workweek when, during that same workweek, that same person also processed or packed some sweet potatoes that were not grown and produced in connection with the farming operations of Scott Farms, Inc. Plaintiffs' argument that they were similarly situated with the putative members of the collective action is outlined in Plaintiffs' Memorandum of Law in Support of Plaintiffs' Motion to Conditionally

13

Certify a Fair Labor Standards Act Collective Action and to Authorize Notice to be Issued to the Putative Members of the FLSA Collective Action. De 62 at 12-13 and 20-22. Solely for purposes of this joint memorandum and proposed settlement, the parties jointly adopt and incorporate the Plaintiffs' previously filed Memorandum.

V.  **CONCLUSION**

For the reasons set forth above, the parties respectfully request that their Joint Motion for Certification of Settlement Classes be granted.

Respectfully submitted, this the 19th day of December, 2014.

| | |
|---|---|
| /s/ Robert J. Willis | /s/ F. Marshall Wall |
| Robert J. Willis | F. Marshall Wall |
| N.C. Bar No.10730 | N. C. Bar No. 26804 |
| P.O. Box 1269 | E-mail: mwall@cshlaw.com |
| Raleigh, NC 27602 | Paul H. Derrick |
| (919) 821-9031 | N. C. Bar No. 27366 |
| (919) 821-1764 (fax) | E-mail: pderrick@cshlaw.com |
| rwillis@rjwillis-law.com | Cranfill Sumner & Hartzog LLP |
| *Attorney for Plaintiffs* | Post Office Box 27808 |
| | Raleigh, North Carolina 27611-7808 |
| | Telephone: (919) 828-5100 |
| | Facsimile: (919) 828-2277 |
| | *Attorneys for Defendants* |
| | |
| /s/ Carol Brooke | /s/ Andrew M. Jackson |
| Carol Brooke | Andrew M. Jackson |
| N.C. Bar No. 29126 | N.C. Bar No. 28594 |
| carol@ncjustice.org | E-mail: andy@andrewjacksonlaw.com |
| Clermont Fraser Ripley | Andrew Jackson Law |
| N.C. Bar No. 36761 | 407 College St |
| clermont@ncjustice.org | PO Box 27 |
| North Carolina Justice Center | Clinton, NC 28329-0027 |

| | |
|---|---|
| PO Box 28068 | Telephone: (910) 592-4121 |
| Raleigh, NC 27611-8068 | Fax: (910) 590-1012 |
| *Attorneys for Plaintiffs* | *Attorney for Defendants* |

## CERTIFICATE OF SERVICE

I hereby certify that on this date a true and correct copy of the *Joint Memorandum of Law In Support of Joint Motion for Class and Collective Action Certification Under Rule 23(b)(3) and 29 U.S.C. § 216(b)* was electronically filed with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:


F. Marshall Wall, N. C. Bar #26804
Paul H. Derrick, N. C. Bar #27366
Cranfill Sumner & Hartzog LLP

Andrew M. Jackson, N.C. Bar # 28594
Andrew Jackson Law

    This the 19th day of December, 2014.


    /s/ Carol L. Brooke
    Carol L. Brooke, Esq.
    N.C. Bar No.: 29126